IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION



FILED

May 21, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9606-CR-00242 |
| | ) | |
| | ) | Sumner County |
| v. | ) | |
| | ) | Honorable Jane W. Wheatcraft, Judge |
| | ) | |
| DANNY RAY DORRIS, | ) | (Certified Question of Law) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

David Allen Doyle
District Public Defender
   and
Steven F. Glaser
Assistant Public Defender
117 East Main Street
Gallatin, TN 37066

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
   and
Peter Coughlan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General
   and
Dee Gay
Assistant District Attorney General
113 East Main Street
Gallatin, TN 37066

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

The defendant, Danny Ray Dorris, appeals as of right upon reservation of a certified question of law from the Sumner County Criminal Court.  Upon his plea of guilty, the defendant was convicted of felonious possession with the intent to sell marijuana and sentenced to two years, with ninety days of his sentence to be served in jail and the remainder of his sentence to be served in a community corrections program.  The case arose from a search of the defendant's residence pursuant to a warrant.  The certified question of law that is dispositive of the case is stated as follows:

> Whether the information provided in the affidavit for the search warrant was sufficient to allow the magistrate to make the requisite independent determination of the reliability of the informant and the information sought to be relied upon.

We hold that probable cause was shown to render the search warrant valid.

The affidavit of Jerry Carpenter, a drug task force officer, states as follows:

> YOUR AFFIANT HAS RECEIVED INFORMATION FROM A CONFIDENTIAL INFORMANT WHO STATED THAT DANNY R. DORRIS IS SELLING MARIJUANA FROM HIS RESIDENCE AT 199 LAWRENCE TOWN ROAD IN GALLATIN, SUMNER COUNTY TENNESSEE. WITHIN THE LAST (5) FIVE DAYS, SAID CONFIDENTIAL INFORMANT HAS MADE A CONTROLLED PURCHASE OF MARIJUANA FROM DANNY DORRIS INSIDE THE ABOVE DESCRIBED LOCATION.  BEFORE THE PURCHASE THE SAID INFORMANT AND INFORMANTS VEHICLE WERE SEARCHED FOR CONTRABAND AND NONE WAS FOUND. SAID INFORMANT WAS EQUIPPED WITH A POLICE CONSENSUAL LISTENING DEVICE AND GIVEN UNDERCOVER BUY MONEY TO PURCHASE MARIJUANA FROM DANNY DORRIS.  SAID INFORMANT ALONG WITH INV. GREG BUNCH  WERE THEN FOLLOWED BY YOUR AFFIANT AND INV. MONTY MCCURRY TO DORRIS'S RESIDENCE.  SAID INFORMANT WAS THEN OBSERVED BY INV. GREG BUNCH TO ENTER THE RESIDENCE. YOUR AFFIANT AND INV. MONTY MCCURRY MONITORED AND RECORDED CONVERSATION BETWEEN DORRIS AND THE INFORMANT IN WHICH MARIJUANA WAS SOLD TO THE INFORMANT BY DANNY DORRIS.  AFTER THE

2

PURCHASE THE SAID INFORMANT THEN GAVE INV. GREG BUNCH THE MARIJUANA WHICH THE INFORMANT STATED WAS PURCHASED FROM DANNY DORRIS. YOUR AFFIANT LATER FIELD TESTED THE SAID MARIJUANA WHICH FIELD TESTED POSITIVE AS MARIJUANA A SCH. VI CONTROLLED SUBSTANCE.

FURTHERMORE YOUR AFFIANT AND OTHER MEMBERS OF THE 18th JUDICIAL DISTRICT DRUG TASK FORCE HAVE RECEIVED INFORMATION THAT DANNY DORRIS HAS BEEN TRAFFICKING MARIJUANA FROM HIS RESIDENCE, 199 LAWRENCE TOWN ROAD GALLATIN, TENNESSEE. YOUR AFFIANT ALSO CONFIRMED THAT DORRIS HAS AT LEAST (3) THREE PREVIOUS ARRESTS AND CONVICTIONS FOR TRAFFICKING OR SELLING MARIJUANA.

SAID CONFIDENTIAL AND RELIABLE INFORMANT HAS PROVIDED YOUR AFFIANT WITH INFORMATION THAT HAS BEEN CORROBORATED WITH INFORMATION YOUR AFFIANT FOUND TO BE TRUE. THE CONFIDENTIAL AND RELIABLE INFORMANT HAS NEVER GIVEN YOUR AFFIANT INFORMATION THAT WAS FOUND TO BE FALSE.

The defendant contends that this affidavit fails to establish probable cause to believe that he was possessing marijuana in his residence under the two-prong standard provided in State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989), for evaluating informant hearsay.

In Jacumin, our supreme court held that under Article I, Section 7 of the Tennessee Constitution probable cause based upon informant hearsay requires a showing (1) of the informant's basis of knowledge and (2) of either his credibility or the reliability of his information. Id. at 432, 436. Relative to a search warrant, this means that a magistrate must make a neutral and detached judgment that the affidavit before him or her shows probable cause to issue the warrant. See State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).

As for the informant's basis of knowledge, the defendant acknowledges that a controlled purchase of marijuana by the informant occurred at the defendant's

3

residence, and that the informant said it was from the defendant. The defendant also admits that the police aurally monitored the transaction by a hidden microphone. However, he claims that the informant's "uncorroborated" assertion that the defendant was the seller makes his basis of knowledge "open to question." As for the informant's reliability, the defendant claims that it was not shown in the affidavit other than through the affiant's assertion of reliability.

The defendant's arguments essentially carry a standard of absolute certainty that is alien to search and seizure law, which is primarily based upon reasonableness. The United States Supreme Court has defined probable cause as "whether at that moment the facts and circumstances within [police] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed . . . an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964). See State v. Meeks, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993). Our supreme court has stated:

> In dealing with probable cause, one deals with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

State v. Jefferson, 529 S.W.2d 674, 689 (Tenn. 1975).

We believe that as a result of the live monitoring of a drug transaction at the residence of the defendant, a known convicted drug dealer, whom the buying informant, a person used by the police to gather information in previous successful criminal drug investigations, said was the marijuana seller, there was probable cause to believe that the defendant possessed marijuana, drug paraphernalia, or other evidence of illegal drug dealings so as to justify the issuance of a search warrant for his residence. No further analysis is needed.

4

In consideration of the foregoing, and the record as a whole, the judgment of conviction is affirmed.

                                                    _____
                                                    Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge